UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| REGENCY HOSPITAL OF CINCINNATI, | Case No. 1:07-cv-800 |
| | Magistrate Judge Timothy S. Black |
| Plaintiff, | |
| vs. | |
| BLUE CROSS BLUE SHIELD | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
ON DEFENDANT'S COUNTERCLAIM** *(DOC. 19)*

Plaintiff Regency Hospital of Cincinnati ("Regency") initiated this action on August 28, 2007 by filing a complaint in the Hamilton County Court of Common Pleas against Blue Cross Blue Shield ("Blue Cross") alleging breach of an implied contract and estoppel under Ohio law. Blue Cross removed this civil action to this Court on September 27, 2007. (Doc. 1.) Blue Cross also filed a counterclaim for fees and costs alleging that Regency knew or should have known that its state law claims under estoppel and breach of contract are preempted by ERISA. (Doc. 5.) The parties have consented to disposition by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 13.)

This case is now before the Court on Regency's motion for summary judgment on Blue Cross' counterclaim (Doc. 19) and the parties' responsive memoranda (Docs. 20, 21.) Upon careful review, and for the reasons that follow, at this juncture, the Court denies Regency's motion without prejudice.

**FACTS AND PROCEDURAL HISTORY**[1]

Regency Hospital is an Ohio corporation that provides long term acute care hospital services. Regency provided services to Patricia Fogelson from August 23 to August 27, 2005 and again from September 3 to October 7, 2005. During this time, Fogelson was insured under a health plan issued by Blue Cross Blue Shield of Tennessee to Fogelson's employer.

On August 22, 2005, before Fogelson was admitted to Regency, Regency called Blue Cross to verify Fogelson's coverage and to pre-certify her treatment. A Blue Cross representative confirmed Fogelson's eligibility. On September 9, 2005, Regency again called Blue Cross to verify Fogelson's coverage and Blue Cross again confirmed Fogelson's eligibility. Relying on this information, Regency provided services to Fogelson without arranging "alternate payment provisions from her." (Doc. 2 at ¶11.)

The total cost for both admissions was $234,276.88, for which Regency subsequently submitted claims to Blue Cross for payment. Blue Cross paid $5,856.48 toward the costs of the first admission and $19,143.98 toward the second admission.

To date, Blue Cross has not paid any additional amounts nor explained to Regency why it has not paid the claimed amount. Regency alleges that Blue Cross is estopped from denying payment after its agents and representatives confirmed Fogelson's coverage and stated the claims would be paid. Regency also alleges that Blue Cross agreed to pay Regency for the services rendered to Fogelson and has breached its agreement to do so.

---

[1] The facts are taken from the allegations in Plaintiff's complaint.

Accordingly, Regency proceeded to file its complaint in Ohio state court. Blue Cross removed the case to this Court on the basis of both diversity and federal question jurisdiction. Regency does not contest diversity of citizenship, and it appears from the complaint that the amount in controversy exceeds the statutory minimum of $75,000.

On September 27, 2007, Blue Cross filed a motion to dismiss the complaint, arguing that both of Regency's state common law claims are preempted by ERISA, 29 U.S.C. §1001 *et seq*, and should be dismissed. (Doc. 4.) Blue Cross contemporaneously also filed a counterclaim for fees and costs alleging that Regency's state law claims under estoppel and breach of contract are preempted by ERISA and that Regency knew or should have known the claims are preempted. (Doc. 5.)

On November 30, 2007, the Court entered an Order denying Blue Cross's motion to dismiss finding that the Court "cannot conclude that ERISA preempts Regency's claims as a matter of law based solely on the Complaint." (Doc. 10, p. 8.)

Now before the Court is Regency's motion for summary judgment on Blue Cross's counterclaim (Doc. 19), and the parties' responsive memoranda (Docs. 20, 21.)

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).

## ANALYSIS

Based on the Court's Order denying Blue Cross's motion to dismiss and under the doctrine of the "law of the case," Regency asserts that the Court has previously determined that ERISA does not preempt Plaintiff's claims, and, therefore, Plaintiff is entitled judgment as a matter law on Blue Cross's counterclaim. Regency's assertion lacks merit.

In denying Blue Cross's motion to dismiss the Court stated:

> "It is not clear at this juncture that resolving Regency's claim will require plan interpretation. The Court cannot conclude that ERISA preempts Regency's claims as a matter of law based solely on the complaint. Regency alleges that Blue Cross quoted specific benefits that were available, and has paid some of Regency's claim. There may be myriad reasons why Blue Cross has not paid more than it has, and the terms of the plan are not yet before the Court. While preemption may well apply, the record to date is insufficient to determine that question under Rule 12."

Thus, contrary to Regency's assertion, the Court's prior Order did <u>not</u> determine that Plaintiff's claims were not preempted by ERISA; instead, the Court reserved judgment on the issue. Accordingly, because Regency's motion for summary judgment is based upon the incorrect assertion that the Court has already determined that ERISA does not preempt Regency's state law claims, Regency is not entitled to entry of judgment in its favor as a matter of law, at least at this time.[2]

---

[2] The undersigned recognizes the decision from this district holding that "ERISA does not preempt state law when the state law claim is brought by an independent, third-party health care provider (such as a hospital) against an insurer for its negligent misrepresentation regarding the existence of health care coverage." *See Miami Valley Hospital v. Community Ins*. Co., 2006 WL 2252669 *7 (S.D. Ohio, August 7, 2006) (Rose, J.) (quoting *Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc*., 164 F.3d 952, 954 (5th Cir. 1999)). However, Regency first asserted this theory for judgment in its reply memorandum, and not in its initial motion, so Blue Cross has not yet addressed this theory. Given its potentially dispositive impact, however, the Court hereby orders Blue Cross to show cause, in a memorandum to be filed within 20 days, why this theory does not merit entry of summary judgment in Regency's favor on the counterclaim, and Regency may reply thereto by memorandum within 10 days.

## CONCLUSION

Accordingly, Regency's motion for summary judgment on the counterclaim (Doc. 19) is hereby **DENIED** without prejudice to the Court's reconsideration upon completion of the parties' briefing as ordered in footnote 2 of this Order.

**IT IS SO ORDERED.**


Date: September 23, 2008                              s/Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge